Clements *vs.* Maloney, &c.

No. 53.—CHARLES CLEMENTS, plaintiff in error, *vs.* WM. P. MALONEY, administrator, &c. defendant in error.

[1.] Where the verdict of a Jury is against an administrator, in his representative character, a judgment for costs should be entered against him in the same character.

Motion, in Fayette Superior Court. Decision by Judge O. WARNER, September Term, 1854.

Maloney, as administrator of Phebe Ryle, filed a bill against one Nixon, as administrator of James Ryle, to have titles perfected to certain negroes, and for a distributive share of the estate. Nixon died, and Clements, as his administrator, was made a party. On the trial, the Jury decreed that titles to the negroes be considered as made, " and that defendant pay the costs of said suit." The answer of Clements, as administrator of Nixon, denied having any assets of Ryle's estate in his hands. On the verdict of the Jury, judgment was entered against Clements, *individually*, for the costs. A motion was made to set aside this judgment, and have it entered against him, in his representative character. The Court refused to grant the order, and this decision is assigned as error.

TIDWELL & FULLER, for plaintiff in error.

HINE & CONNER, for defendant in error.

*By the Court.*—STARNES, J. delivering the opinion.

A very limited record presents the issue for our consideration in this case.

[1.] So far as we are capable of judging from that record, the verdict was obtained against the plaintiff in error, in his character of administrator. In that character, he had been made a party to the bill, after the death of his intestate, and

in place and stead of the latter.    He found the case in Court, and was not responsible, individually, for the acts or conduct which made it necessary for it to appear there.    In the discharge of his duty, after he had been made the party defendant, he pleaded *plene administravit.*    Under these circumstances, without negativing this plea and finding assets in his hands, the Jury, after decreeing title in the complainant to the negroes, claimed, find and decree " that defendant pay the costs of said suit."

The legal character of such a verdict is and can be nothing else, but a finding against Charles Clements in his representative character : for in such character he was made the defendant; and as we have seen, the proceedings and the verdict show no other liability.

To have been in conformity with the verdict, the judgment for costs should have been entered up against the defendant in his representative character.    But this was not done ; and we think that the Court, therefore, erred in refusing to set that judgment aside, and in not directing the judgment for costs to be entered *nunc pro tunc* against the defendant in his representative character.

That this may be done, we reverse the judgment.